IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MONIQUE N. BRADY,

    Petitioner,

v.                                         CASE NO.  4:22-cv-309-AW-MAL

W. HESS, TIMETHEA PULLEN,
M. KIMBERLY, BROTON,
COLLETTE S. PETERS,

    Respondents.
_____/

## REPORT AND RECOMMENDATION

The following motions and responses are pending before the Court.

| | |
|---|---|
| ECF No. 77 | Petitioner's Motion for Leave to Amend and Supplement Her Original Petition |
| ECF No. 78 | (Respondents') Motion to Dismiss All Named Respondents in Petition (Doc. 1) And Notice of Objection to Motion for Leave to Amend as Proposed (Doc. 77-3). |
| ECF No. 80 | Petitioner's Objection to Respondents' Motion to Dismiss All Named Respondents in Petition and Reply to Objection to Motion for Leave to Amend as Proposed |
| ECF No. 82 | Petitioner's Motion for Temporary Restraining Order |
| ECF No. 83 | (Respondents') Motion to Dismiss All Named Respondents in, and Response in Opposition to, Motion for Temporary Restraining Order (Doc. 82) |

| | |
|---|---|
| ECF No. 87 | Petitioner's Reply to Respondents' Motion to Dismiss and Response in Opposition to Motion for Temporary Restraining Order |

This Court, having reviewed the pending matters and being otherwise fully informed in the premises, recommends that Respondents' motion to dismiss be granted, and Petitioner's motion to amend and motion for temporary restraining order and Respondents' Motion to Dismiss All Named Respondents in … Motion for Temporary Restraining Order be denied as moot.

## BACKGROUND

Petitioner, Monique F. Brady, filed a § 2241 petition for writ of habeas corpus in the District of Connecticut. ECF No. 1. That petition was transferred to the Northern District of Florida after the Bureau of Prisons moved Brady to the Federal Correctional Institution in Tallahassee, Florida, where she has remained. ECF No. 66. Brady seeks to amend her original petition to "set[] forth transactions, occurrences, and events that happened after the date of her original Petition …." ECF No. 77 at 1.

Like her original petition, in her proposed amended petition Brady "seeks relief from being held in custody in violation of the Eighth Amendment to the U.S. Constitution." ECF No. 77-3 ¶ 5; ECF No. 1 ¶ 4. Brady, who is serving a federal sentence with a projected release date of April 20, 2024, alleges she is at "significantly heightened risk of severe illness or death in the event she becomes

infected with COVID-19, its variants or subvariants." ECF No. 77-3 ¶ 1. Brady complains the Bureau of Prisons is "not enforcing its own Pandemic Response Plan" and has failed to "comply with its own Infection Prevention Procedures." ECF No. 77-3 ¶ 35. Brady complains she "has been to 5 separate BOP facilities in 2022, none of which come close to compliance with Respondents' own infection prevention modifications." ECF No. 77-3 ¶ 42. Brady states that her "release to Home Confinement, via enlargement, remains the least intrusive and most compelling form of injunctive relief, to Petitioner's filed §2241 Petition." ECF No. 77-3 ¶ 42

In her prayer for relief in her proposed amended petition, Brady asks:

a. Pursuant to 28 U.S.C. § 2243 and this Court's inherent powers, enlarge petitioner's custody, so as to include home confinement, pending disposition of the underlying petition;

b. Pursuant to 28 U.S.C. § 2243 issue an Order to Show Cause requiring Respondents to answer as to why the habeas petition and relief sought herein should not be granted;

c. Issue a Writ of Habeas Corpus and/or pursuant to Fed. R. Civ. Pro. 65, enter a temporary restraining order, preliminary injunction, and permanent injunction requiring Respondents to release Petitioner from custody or to home confinement;

d. Enter an order pursuant to 28 U.S.C. § 2201-2202, declaring that Respondents' policies and practices regarding COVID-19 violate the Eighth Amendment to the United States Constitution;

e. Award appropriate attorneys' fees; and

    f. Grant such further relief as the Court deems just and proper.

ECF 77-3 at 22-23. On February 20, 2023, Brady filed a second § 2241 habeas petition seeking transfer to home confinement. Case No. 4:23cv-81-MW-MAL, ECF No. 1. In response to an order from this Court, Brady insists that separate consideration of her cases is appropriate because this case, 4:22cv309-AW-MAL, "sounds in **8th Amendment** infringements to Petitioner's constitutional rights." *Id.* at ECF No. 5 at 1-2 (emphasis in original). The second petition "sounds in **Equal Protection** rights under the **5th Amendment** to the U.S. Constitution." *Id.* at 2 (emphasis in original). Accordingly, the claims in Brady's second § 2241 petition are not addressed here.

## DISCUSSION

Brady's Eighth Amendment claim in this case is she cannot be incarcerated in any Bureau of Prisons facility because of her heightened risks for COVID-19. Assuming, for the sake of argument, that Brady's claim is appropriately addressed under § 2241[1], her petition must be dismissed because this Court cannot grant the

---

[1] Generally speaking, a "§ 2241 petition is not the appropriate vehicle for raising an inadequate medical care claim, as such a claim challenges the conditions of confinement, not the fact or duration of confinement." *Vaz. v. Skinner*, 634 Fed. App'x 778, 781 (11th Cir. 2015). However, in the Second Circuit, federal prisoners may bring challenges to "prison conditions" under § 2241. *Thompson v. Choinski*, 525 F.3d 205, (2d Cir. 2008). Also, some courts have recognized that a § 2241 petition may be appropriate when the petitioner alleges that no conditions of confinement can alleviate the risks of serious injury or death due to the Covid-19 pandemic. *See e.g. Wilson v. Williams*, 961 F.3d 829, 837-38 (6th Cir. 2020) (recognizing claim but limiting relief because Congress gave authority to the Bureau of Prison to control forms of release); *Hope v. Warden*, 972 F.3d 310, 323 (3d Cir. 2020); *Martinez-Brooks v. Easter*, 459 F. Supp. 3d 411, 433-34 (D. Conn.

relief she requests, which is outright release from custody or release to home confinement.

In *Touzier v. U.S. Attorney Gen.*, the Eleventh Circuit Court of Appeals held the district court properly dismissed a § 2241 petition because the court lacked authority to grant petitioner his request for release to home confinement. *Touzier,* No. 21-10761, 2021WL3829618 at *2 (11th Cir. Aug. 27, 2021). Like Brady, Touzier argued that because of the COVID-19 pandemic, his continued confinement in prison violated his Eighth Amendment rights. *Id.* at *1. Release to home confinement, however, could not be granted to Touzier because Congress gave the Bureau of Prisons sole authority in Title 18, United States Code, Section 3621(b), to "designate the place of the prisoner's confinement." *Id.* at *2 (quoting 18 U.S.C. § 3621(b)). Furthermore, under the express terms of that statute, the Bureau's designation "is not reviewable by any court." *Id.* Because the relief requested was not available, the Eleventh Circuit found the "district court properly dismissed the petition." *Id.* at 3.[2] The Eleventh Circuit also found the district court properly denied

---

May 12, 2020); *Torres v. Milusnic*, 472 F. Supp. 3d 713, 724-26 (C.D. Cal. 2020). In contrast, the Ninth Circuit recently affirmed the dismissal of a § 2241 petition, rejecting the petitioner's contention that § 2241 was the appropriate vehicle to bring her claim that no conditions would constitutionally permit her detention. *Pinson v. Carvajal*, 69 F.4th 1059, 1067-1075 (9th Cir. 2023).

This court does not need to delve into the very complicated issue of the appropriateness of § 2241 as a vehicle for Brady's claims. As discussed in the following text of this order, Eleventh Circuit case law establishes that Brady's § 2241 petition is properly dismissed because she cannot obtain the relief she seeks.

[2] Courts in the Northern District of Florida have ruled similarly, denying § 2241 habeas petitions where the relief sought of home confinement was not available. *See Garcia v. Strong*, No.

as moot the request for a temporary restraining order because the district court did not have authority to grant the requested relief. *Id*. at *3.

To the extent Brady also asks for outright release as an alternative to home confinement, such relief also is not available. In *Gomez v. United States*, which was brought under § 2241, the Eleventh Circuit held "relief of an Eighth Amendment violation does not include release from confinement." *Gomez*, 899 F.2d 1124, 1126 (11th Cir. 1990). The appropriate relief is "to require discontinuance of any improper practices, or to require correction of any condition causing cruel and unusual punishment." *Id.*; *see also United States v. Diaz-Rosado*, 2023 WL 2129555 at *5 (11th Cir. Feb. 21, 2023) (quoting *Gomez*); *Vaz v. Skinner*, 634 F. App'x 778 (11th Cir. 2015) (same). The Eleventh Circuit therefore reversed the grant of bail to Gomez pending consideration of his § 2241 petition because it "gave Gomez more relief on a preliminary basis than he would be entitled to if he ultimately prevails on his constitutional claims." *Gomez,* 899 F. 2d. at 1127.

Finally, to the extent Brady seeks declaratory relief in the form of an order declaring that the Bureau of Prison's policies and practices regarding COVID-19 violate the Eighth Amendment, it is doubtful she can obtain declaratory relief under

---

4:21cv128-MW-MAF, 2021WL4755630 at *3 (Sept. 10, 2021), *report and recommendation adopted* 2021 WL 4745648 (Oct. 12, 2021); *Haymore v. Joseph*, No. 3:20cv5518-MCR-MAF, 2020WL6587279 at *6 (N.D. Fla. Sept. 21, 2020), *report and recommendation adopted* 2020 WL 6581975 (Nov. 9, 2020); *Mariscal v. Mackelburg*, No. 5:21cv81-RV-MAF, 2021 WL 6274452 at *4 (N.D. Fla. Nov. 19, 2021), *report and recommendation adopted* 2022 WL 35774 (Jan 4, 2022).

§ 2241 because release from custody would not follow from the declaration given the limitations on the relief available, as discussed above. *See Dickey v. Warden, FCI Marianna*, No. 5:22-cv-84-TKW-ZCB, 2022 WL 17969167 (N.D. Fla. Dec. 8, 2022) (declaratory relief unavailable under § 2241 if release or alteration of sentence would not follow), *report and recommendation adopted*, 2022 WL 17968838 (N.D. Fla. Dec. 27, 2022), *aff'd* No. 23-10337, 2023 WL 5014363 (11th Cir. 2023). In any event, Brady has not alleged exhaustion of administrative remedies, which is required under the Prison Litigation Act (PLRA), 42 U.S.C. § 1997e. The PLRA's exhaustion requirement applies to any action "brought with respect to *prison conditions* under section 1983 of this title, *or any other Federal law*, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (emphasis supplied). Although courts are divided about whether the PLRA's requirements apply to § 2241 petitions, the better reasoning is that the PLRA applies to § 2241 petitions for claims brought with respect to prison conditions. *See Dimartino v. Sage*, No. 3:21-cv-498, 2022 WL 124308 at *3 (D. Conn. Jan. 13, 2022) (finding PLRA requirements apply to § 2241 petitions challenging conditions of confinement, "which are analogous to suits under 42 U.S.C. § 1983.").

Even if the jurisdictional exhaustion requirements of the PLRA do not apply, prisoners are required to exhaust their administrative remedies before filing a § 2241

petition. *Santiago-Lugo v. Warden*, 785 F.3d 467, 471, 474-75 (11th Cir. 2015). Failure to exhaust is not a jurisdictional defect; rather, it is a defense that a respondent may assert. *Id.* Respondents assert the defense. ECF No. 78 at 3-5. In response, Brady denies that the exhaustion requirement applies to her. ECF No. 80-1 at 9-13. She alleges no competent facts in opposition.

## CONCLUSION

Brady's § 2241 petition must be dismissed because the relief she seeks is unavailable. Brady cannot be released to home confinement given the sole discretion granted to the Bureau of Prisons to designate her place of confinement. *Touzier,* 2021 WL 3829618 at *2. Brady cannot be released outright because she has no right to be released even if she establishes an Eighth Amendment violation. *Gomez*, 899 F.3d at 1126. With respect to her request for a TRO, Brady cannot be granted home confinement or release as a provisional remedy because she is not entitled to "greater temporary remedies pending litigation than [she] would be entitled to as the ultimate prevailing party." *Id.* at 1127. Furthermore, to the extent Brady seeks broad declaratory relief that the Bureau of Prisons' policies regarding COVID-19 violate the Eighth Amendment, Brady is not entitled to such declaratory relief under § 2241, because an Eighth Amendment violation does not give rise to a valid § 2241 claim. Finally, Brady has not demonstrated that she exhausted her administrative remedies.

Accordingly, it is respectfully RECOMMENDED:

1. Respondents' Motion to Dismiss (ECF No. 78) be GRANTED.

2. Petitioner's motion for leave to amend and motion for temporary restraining order (ECF Nos. 77, 82) and Respondents' "Motion to Dismiss All Named Respondents in . . . Motion for Temporary Restraining Order" (ECF No. 83) be denied as moot.

3. The clerk be directed to close the case file.

At Gainesville, Florida, on September 5, 2023.

s/ *Midori A, Lowry*
Midori A. Lowry
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**