## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**MONIQUE N. BRADY,**

     **Petitioner,**

**v.**                               **Case No. 4:22-cv-309-AW-MAL**

**W. HESS, TIMETHEA PULLEN,**
**M. KIMBERLY, BROTON,**
**COLLETTE S. PETERS,**

     **Respondents.**

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Petitioner Monique Brady is a federal inmate. She filed a § 2241 petition seeking an order "requiring Respondents to release [her] from custody or to home confinement." ECF No. 1 at 6. The claim, in a nutshell, is that Brady has special vulnerability to COVID and that the Bureau of Prison's handling of COVID (and her situation) violates the Eighth Amendment. *See generally, e.g.*, ECF Nos. 1, 77.[1]

The case has a long history. It began in the United States District Court for the District of Connecticut. After Brady's transfer to FCI Tallahassee, the judge transferred the case to this court. Brady then sought leave to file an amended petition,

_____

[1] According to her affidavit, Brady is particularly vulnerable to COVID because of, among other things, her obesity, her depression, her status as a former smoker, and her taking certain medications that compromise her immune system. ECF No. 79.

seeking essentially the same relief but updating the allegations to address the situation at her new facility. ECF No. 77. She also moved for TRO. ECF No. 82.

The magistrate judge issued a thorough report and recommendation, concluding that Respondents' motion to dismiss should be granted and that the motion for leave to amend and the motion for TRO should be denied as moot. ECF No. 97. Brady filed an objection, ECF No. 98, and I have considered de novo the issues she raised.[2] After careful consideration, I now adopt the report and recommendation and incorporate it into this order. The motion to dismiss will be granted, and all other motions will be denied as moot.

Brady now contends she "has sought to be transferred to home confinement, and never sought to be merely released from the terms of her sentence." ECF No. 98 at 3 (emphasis omitted). The problem she has is that, as the magistrate judge notes,

---

[2] The objection makes some specific points, but it also notes that there were a "total of 97 docket entries," that Brady "has included numerous citations to case law and descriptive exhibits which support her various positions," and that although "she will not merely re-state all of arguments previously made," she "invites this Court to review same for additional substance, if needed." ECF No. 98 at 3. The court has, indeed, reviewed prior filings. But to the extent Brady seeks to incorporate everything she has said before into her objections, she may not do so. *See Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989) (written objections "shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the *specific* basis for objection." (emphasis added)); *Wagner v. FedEx Freight, Inc.*, 315 F. Supp. 3d 916, 932 (N.D. Tex. 2018) ("An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.").

the court has no authority to direct BOP to transfer Brady to home confinement. Home confinement is available in some circumstances, but it is up to BOP to allow it. "The Bureau of Prisons shall designate the place of the prisoner's imprisonment . . . ." 18 U.S.C. § 3621(b).

As the magistrate judge also explained, the Eleventh Circuit's decision in *Touizer v. U.S. Attorney General*, 2021 WL 3829618, at *2 (11th Cir. Aug. 27, 2021), is instructive. In that case, the court "conclude[d] that the district court did not err in dismissing [petitioner's] habeas petition because the district court lacked the authority to grant the relief he requested—i.e., ordering the BOP to release him to home confinement." *Id.* This unpublished decision is nonbinding, but I find it persuasive. Brady tries to distinguish it based on the fact that the petitioner there had his earlier home confinement revoked, ECF No. 98 at 11, but that makes no difference. *See Touizer*, 2021 WL at *2 ("Touizer's contention that his case is unique because he was granted home confinement and then had it improperly revoked is unavailing.").

Moreover, to the extent Brady insists she is not challenging the fact of her confinement—only the conditions of it—she only further undermines her request for habeas relief. "The rule then is that any challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus matter, whereas challenges to conditions of confinement may proceed under § 1983 . . . ." *McKinnis*

3

*v. Mosely*, 693 F.2d 1054, 1057 (11th Cir. 1982); *accord Skinner v. Switzer*, 562 U.S. 521, 525 (2011) ("Habeas is the exclusive remedy . . . for the prisoner who seeks immediate or speedier release from confinement. Where the prisoner's claim would not necessarily spell speedier release, however, suit may be brought under § 1983."); *Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006) ("When an inmate challenges the 'circumstances of his confinement' but not the validity of his conviction and/or sentence, then the claim is properly raised in a civil rights action under § 1983. However, when an inmate raises any challenge to the 'lawfulness of confinement or [the] particulars affecting its duration,' his claim falls solely within 'the province of habeas corpus' . . . ."); *cf. also McNabb v. Comm'r Ala. Dep't of Corr.*, 727 F.3d 1334, 1344 (11th Cir. 2013) ("Issues sounding in habeas are mutually exclusive from those sounding in a § 1983 action.").[3] In fact, when others

---

[3] Because Brady is in federal custody, any conditions-of-confinement claim would arise under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), not § 1983. But this distinction does not make a difference here. *See Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995) ("'The effect of *Bivens* was, in essence, to create a remedy against federal officers, acting under color of federal law, that was analogous to the section 1983 action against state officials.' Thus, courts generally apply § 1983 law to *Bivens* cases." (quoting *Dean v. Gladney*, 621 F.2d 1331, 1336 (5th Cir. 1980))); *see also Rodriguez v. Ratledge*, 715 F. App'x 261, 266 (4th Cir. 2017) (noting that "[c]ourts have generally held that a § 1983 suit or a *Bivens* action is the appropriate means of challenging conditions of confinement, whereas § 2241 petitions are not" (collecting cases)).

in this Circuit have challenged the BOP's handling of COVID, they did so through a § 1983 action. *See, e.g., Swain v. Junior*, 961 F.3d 1276, 1286 (11th Cir. 2020).

Brady relies heavily on a decision from the United States District Court of Connecticut, which she cites as *Whitted v. Easter*, 459 F. Supp. 3d 411 (D. Conn. 2020). ECF No. 98. That citation is for a different, if similar case: *Martinez-Brooks v. Easter*. But regardless, decisions from the District Court of Connecticut are nonbinding, and to the extent they would support Brady's petition here, I find them unpersuasive. Even if the Second Circuit allows prisoners to challenge prison conditions through § 2241 petitions, *see* ECF No. 97 at 4 n.1, that is not the law of this Circuit. As stated above, Brady cannot obtain § 2241 relief ordering her transfer to home confinement.

Respondent's motion to dismiss (ECF No. 78) is GRANTED. The remaining motions are DENIED as moot. The clerk will enter a judgment that says, "Petitioner's § 2241 claim is dismissed." The clerk will then close the file.

SO ORDERED on September 28, 2023.

s/ *Allen Winsor*
United States District Judge